

O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

CENTURY CITY

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

Times Square Tower
7 Times Square
New York, New York 10036-6524

TELEPHONE (212) 326-2000
FACSIMILE (212) 326-2061
www.omm.com

SAN FRANCISCO

SEOUL

SHANGHAI

SILICON VALLEY

SINGAPORE

TOKYO

WASHINGTON, D.C.

January 26, 2017

WRITER'S DIRECT DIAL
(212) 326-2033

WRITER'S E-MAIL ADDRESS
arudzin@omm.com

**BY ELECTRONIC FILING & ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:     *Joe Fasano, et al. v. Guoqing Li, et al., 1:16-CV-08759*

Dear Judge Failla:

We represent Defendants E-Commerce China Dangdang, Inc. ("Dangdang"), Dangdang Holding Company Limited, Kewen Holding Company Limited, Science & Culture International Limited, and First Profit Management. We respectfully submit this letter to request a pre-motion conference. Defendants plan to move to dismiss this action challenging the merger of two Cayman Islands companies on *forum non conveniens* grounds. As Defendants will show in their planned motion, this action belongs in the Cayman Islands, not New York.

## BACKGROUND

Dangdang is a Cayman Islands corporation with its headquarters in Beijing, China, that sells merchandise online to customers in China. Its operations and executives are located in China, and it has no operations or executives in the United States. From December 8, 2010, until September 20, 2016, Dangdang's American Depository Shares ("ADS") traded on the New York Stock Exchange. On September 20, 2016, Dangdang completed a going-private transaction (approved by almost 98% of its shareholders) in which it merged with another Cayman Islands corporation, and its public ADS holders were cashed-out.

Nine shareholders objected to the merger in accordance with Cayman Islands law, and an action is currently pending in the Grand Court of the Cayman Islands to resolve those objections. Plaintiffs here did not raise any objection to the merger but filed this putative class action after closing instead. While Plaintiffs' complaint contains several counts, at bottom Plaintiffs complain that Dangdang and its directors, executives, controlling shareholders, and acquirer— none of whom is a U.S. citizen or resident—breached fiduciary duties that they allegedly owed Dangdang's minority shareholders under Cayman Islands law.

**PROPOSED MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS**

The Cayman Islands is the most logical and least burdensome forum to hear claims concerning the merger of two Cayman Islands companies.  All of Plaintiffs' claims—which do not involve any U.S. witnesses or conduct—will require the application of Cayman Islands law. As Defendants will show in their motion, the case should be dismissed, because: (i) Plaintiffs' choice of forum is entitled to minimal deference; (ii) an adequate alternative forum is available; and (iii) the balance of public and private factors weighs in favor of dismissal.  *See, e.g., Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003) (affirming dismissal of case on *forum non conveniens* grounds).  Specifically:

- Plaintiffs (particularly foreign plaintiffs) suing on a representative basis on behalf of a worldwide class of ADS holders are entitled to little deference in choosing the U.S. as a litigation forum.  *See, e.g., Piper Aircraft, Co. v. Reyno*, 454 U.S. 235, 255–56 (1981).

- There can be no dispute that the Cayman Islands is an adequate alternative forum to hear Plaintiffs' claims because (i) all Defendants that Plaintiffs have served here are "subject to service of process" in the Cayman Islands through registered agents or will consent to jurisdiction there for these claims and (ii) the Cayman Islands "permits litigation of the subject matter of the dispute."  *Alfadda v. Fenn*, 159 F.3d 41, 45 (2d Cir. 1998).

- The public and private factors favor dismissal because this case requires the application of Cayman Islands law, none of the events at issue occurred in New York, and none of the potentially relevant witnesses or documentary evidence is located in New York.  *See, e.g., Holzman v. Guoqiang Xin*, 2015 WL 5544357, at *10 (S.D.N.Y. Sept. 18, 2015) (dismissing breach-of-fiduciary-duty claim against directors of Cayman Islands corporation headquartered in China).

\*   \*   \*   \*

Defendants have conferred with Plaintiffs, and the parties propose the following briefing schedule for the motion: (i) Within 5 days of the later of Plaintiffs' counsel being appointed Lead Counsel and Defendants being granted permission to file their motion to dismiss on *forum non conveniens* grounds, Defendants will file their motion; (ii) Within 45 days after Defendants file their motion, Plaintiffs will file their opposition; (iii) Within 27 days after Plaintiffs file their opposition, Defendants will file their reply.

Respectfully submitted,

/s/ Abby F. Rudzin

_____

Abby F. Rudzin
*of* O'MELVENY & MYERS LLP

cc:  All counsel of record via ECF