



January 31, 2017

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2017**

**MEMO ENDORSED**

<u>BY E-FILE AND E-MAIL</u>
The Honorable Katherine Polk Failla
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

Re:      *Fasano et al. v. Guoqing Li, et al.,* 1:16-CV-08759 (KPF)

Dear Judge Failla:

I write on behalf of Plaintiffs Joe Fasano, Altimeo Optimum Fund and Altimeo Asset Management ("Plaintiffs") in response to the January 26, 2017 pre-motion conference letter from five of the thirteen defendants, E-Commerce China Dangdang, Inc. ("Dang), Dangdang Holding Company Ltd., Kewen Holding Company Ltd., Science & Culture International Ltd., and First Profit Management (together, the "Entity Defendants"). The proposed *forum non conveniens* motion is classic forum-shopping. This case involves a New York plaintiff making U.S. securities law and New York state law claims arising from a going-private transaction for New York Stock Exchange-listed Company. Thus, New York is the most appropriate forum.

In addition, Plaintiffs respectfully request that a pre-motion conference also address substitute service of the non-moving Defendants under Fed. R. Civ. P. 4(f)(3).[1] Counsel for the Entity Defendants has refused to accept such service, as have the non-moving Defendants.

**BRIEF BACKGROUND**

This action was brought by three proposed Lead Plaintiffs, including Joe Fasano, a New York resident seeking to bring suit in his home State. Plaintiffs purchased Dang American Depository Shares ("ADS") on the New York Stock Exchange ("NYSE"). Dang chose to list its ADS on the NYSE until a September 20, 2016 going-private cash-out transaction by Dang's controlling stockholder and a group of other Defendants (the "Controlling Group"). Dang employed a New York depositary, the Bank of New York, to provide annual reports, shareholder meeting notices, and other communications to ADS stockholders such as Plaintiffs.

Plaintiffs filed the Complaint on November 10, 2016. The Complaint asserts a claim under the U.S. securities laws, for violating § 13(e) of the Securities Exchange Act of 1934 through false and misleading statements in the Controlling Group's S.E.C. Forms 13E-3 . (Compl. Count IV ¶¶ 119-22.) The Complaint also asserts a New York state law claim for negligent misrepresentation. (*Id.* Count III ¶¶ 110-18.)

---

[1] The eight individual Defendants have refused to accept service through counsel identified in the Merger Agreement, and dispute Plaintiff's service through Dang's registered agent. Plaintiffs have also commenced Hague Convention service through the Chinese Ministry of Justice. This process can take months, but is unnecessary because virtually all of the non-moving Defendants have identified Dang's Beijing offices as their address in publicly-filed documents.

On November 29, 2016, three weeks later, Defendant Dang filed an Appraisal Petition in the Cayman Islands, seeking a valuation of stock held by nine different stockholders. Dang's Appraisal Petition does not assert any claim under U.S. securities law or New York state law. It also does not assert that any Defendant made a false statement or breached a fiduciary duty.

## THE PROPOSED *FORUM NON CONVENIENS* MOTION IS DEFICIENT

The Southern District of New York is the proper forum for an action brought by a New York plaintiff, raising U.S. securities law and New York law claims, arising out of a going-private transaction for a NYSE-listed Company. As Plaintiffs will show in opposing the proposed motion to dismiss, this case should move forward in New York because: (i) Plaintiffs' choice of forum is entitled to significant deference; (ii) the Cayman Islands is not a truly adequate alternative forum; and (iii) the public and private factors weigh in favor of a New York federal forum, including this "country's interest in having United States courts enforce United States securities laws." *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002). Specifically:

- A class action plaintiff's "choice of this district is entitled to significant deference" when asserting a claim arising "under U.S. securities laws," particularly where, as here, a proposed Lead Plaintiff is a New York resident seeking a home-state forum. *In re Poseidon Concepts Sec. Litig.*, 2016 WL 3017395, at *9 (S.D.N.Y., May 24, 2016) (Cote, J.); *accord In re Assicurazioni Generali S.p.A. Holocaust Ins. Litig.*, 228 F. Supp. 2d 348, 352 (S.D.N.Y. 2002) ('strong deference" for forum choice of New York lead plaintiffs).

- Given this significant deference, Plaintiffs "should not [be] deprived of their choice of forum except upon defendants' clear showing that a trial in the United States would be so oppressive and vexatious to them as to be out of all proportion to plaintiff's convenience." *DiRienzo*, 294 F.3d at 30. Defendants cannot meet this high burden for the below reasons:

- A Cayman Islands forum is not truly adequate because such a forum (i) does not permit "contingent fee" arrangement necessary to pursue class-wide relief; (ii) usually does not permit "a jury trial"; and (iii) does not have authority to order substitute service for individuals trying to hide behind the entities they control, as this Court does under Rule 4(f)(3). *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 345-46 (8th Cir. 1983); *Szollosy v. Hyatt Corp.*, 2000 WL 1576395, at *9 (D. Conn., Sept. 14, 2000) (same).

- The public and private factors weigh decidedly in favor of a New York forum because this case arises out of Dang coming to New York by "registering its stock on [a New York] exchange[], filing statements with the SEC," and disseminating them to stockholders using a New York depositary, and "target[ing] United States investors as potential purchasers of its stock." *DiRienzo*, 294 F.3d at 32.

Indeed, the Entity Defendants' claim that New York is not a convenient forum is plainly litigation-driven. Defendants have agreed to a New York forum for other disputes arising out of Dang's ADS shares. In the Underwriting Agreement for Dang's NYSE listing, Dang and Kewen Holding Company Ltd. (as a "Selling Shareholder") expressly agreed to:

"submit to the non-exclusive jurisdiction of the Federal and state courts in the Borough of Manhattan in The City of New York" and "irrevocably and unconditionally waive any objection to the laying of venue of any suit or proceeding arising out of or relating to this Agreement … and irrevocably and unconditionally waive[] and agree[] not to . . . claim in any such court that any such suit or proceeding in any such court has been brought in an inconvenient forum." (Dang Dec. 2010 Underwriting Agreement § 17 at 38-39, *available at* https://www.sec.gov/Archives/edgar/data/1499744/000095012310111075/h04369a 3exv1w1.htm.)

Defendants agreed that a Southern District of New York forum was proper when they wanted to target the U.S. securities markets and U.S. investors. But now that they face the real risk of being held accountable by a U.S. Court, they are dubiously claiming *forum non conveniens*. Their litigation-driven position should be rejected.

## A PRE-MOTION CONFERENCE SHOULD ADDRESS SUBSTITUTE SERVICE

Finally, a pre-motion conference should also address substitute service for eight of the thirteen Defendants who are delaying the inevitable by refusing to accept service through the companies they either control or serve as executives. For example, Defendant Guoqing Li is the controlling owner and CEO of appearing Defendant Dang, and owner of Kewen Holding Company Ltd., Science & Culture International Ltd. Similarly, Defendant Danqian Yao is Dang's Senior Vice President, and the controlling owner of First Profit Management. Defendant Peggy Yu Yu is Dang's Executive Chairwoman and Guoqin Li's wife. And Defendants Lijun Chen and Min Kan are both "vice president[s]" of Dang, and list Dang's offices are their business address. *See* Dang June 17, 2016 Form 13E-3, Ex. A-1 at 1-3 (notice to shareholders), *available at* https://www.sec.gov/Archives/edgar/data/1499744/000114420416108643/v442417_ex99a1.htm.

This Court has repeatedly held that substitute service on company counsel "is reasonably calculated to apprise…high-level" defendants as to "the pendency of the action and therefore comports with due process," and is also consistent with international agreements. *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) (approving substitute service through "counsel for [] employer" of a "high-level employee"); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (same). These cases should govern. Plaintiff has diligently begun Hague Convention service in China, but this process can take an uncertain amount of time that could unnecessarily delay this action and result in the duplication of effort.

Respectfully submitted,


/s/ Samuel J. Lieberman
Samuel J. Lieberman


cc: All counsel of record by ECF

The parties are ORDERED to appear for a pre-motion conference on **February 10, 2017, at 2:00 p.m.**  At this conference, the parties should be prepared to discuss (i) Defendants' proposed motion to dismiss on *forum non conveniens* grounds and (ii) the substitute service issues identified in this letter.

This endorsement does not change any of the deadlines listed in this Court's December 2, 2016 Order.  (Dkt. #12).  However, should Defendants elect to file their proposed motion, "all discovery and other proceedings shall be stayed during the pendency of [that] motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).

Dated:    January 31, 2017
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE