## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOE FASANO, *et al.*,<br><br>                Plaintiffs,<br><br>       -v.-<br><br>GUOQING LI, *et al.*,<br><br>                Defendants. | Civil Action No. 16-cv-8759 (KPF)<br><br>**DECLARATION OF PEGGY YU YU ON BEHALF OF E-COMMERCE CHINA DANGDANG, INC.** |

I, Peggy Yu Yu, under 28 U.S.C. § 1746, declare as follows:

1.      I have knowledge of the matters set forth here, either through personal experience or a review of company records.  If called to testify, I could and would testify to the truth of the following.  I make this declaration in support of Defendants' Motion to Dismiss on *Forum Non Conveniens* Grounds.

### E-Commerce China Dangdang, Inc.'s Operations

2.      Since January 7, 2000, I have served as Chairwoman of E-Commerce China Dangdang, Inc. ("Dangdang").  I have authority to make this declaration on behalf of Dangdang.

3.      Dangdang incorporated in the Cayman Islands on or about January 7, 2000, as an exempted company with limited liability under Cayman Islands law.  Dangdang has a registered agent for service of process in the Cayman Islands and consents to service in the Cayman Islands through that agent.

4.      Dangdang has its headquarters at 21/F, Jing An Center, No. 8 North Third Ring Road East, Chaoyang District, Beijing, People's Republic of China.

5.      Substantially all of Dangdang's employees, operations, and company files are in the People's Republic of China.

6.      Dangdang's directors and officers all reside in the People's Republic of China.

7.      Dangdang does not have any offices, employees, or operations in the State of New York or elsewhere in the United States of America.

**Dangdang's IPO and SEC Filings**

8.      On or about December 8, 2010, Dangdang completed its initial public offering of American Depository Shares on the New York Stock Exchange.

9.      A true and correct copy of Dangdang's Sixth Amended and Restated Memorandum of Association and Articles of Association under the Companies Law (2010) of the Cayman Islands is attached as Exhibit A.  These articles were in effect from Dangdang's IPO on December 8, 2010, through September 20, 2016.  Dangdang attached these articles as an exhibit to its Form F-1 Registration Statement, which was filed with the Securities and Exchange Commission on November 17, 2010.

10.     Before completing the offering, Dangdang filed a prospectus with the SEC on December 7, 2010.  A true and correct copy of an excerpt from Dangdang's prospectus is attached as Exhibit B.  In that prospectus, Dangdang stated that:

> You may face difficulties in protecting your interests, and your ability to protect your rights through U.S. courts may be limited, because we are incorporated under Cayman Islands law.  We are an exempted company incorporated under the laws of the Cayman Islands.  Our corporate affairs are governed by our memorandum and articles of association, the Companies Law of the Cayman Islands (2010 Revision) and the common law of the Cayman Islands.  The rights of shareholders to take action against the directors, actions by minority shareholders and the fiduciary responsibilities of our directors to us under Cayman Islands law are to a large extent governed by the common law of the Cayman Islands.

(Ex. B at 34.)

11.     The prospectus also stated that "public shareholders may have more difficulty in protecting their interests in the face of actions taken by management, members of the board of directors or controlling shareholders than they would as public shareholders of a company incorporated in the United States." (*Id.*)

12.     As a foreign private issuer, Dangdang files 20-F annual reports with the SEC. A true and correct copy of an excerpt from the 20-F annual report for the fiscal year ended December 31, 2015, that Dangdang filed with the SEC on April 29, 2016, is attached as Exhibit C. In that document, Dangdang disclosed that:

> You may face difficulties in protecting your interests, and your ability to protect your rights through U.S. Courts may be limited, because we are incorporated under Cayman Islands law. . . . Our corporate affairs are governed by our memorandum and articles of association, as amended and restated from time to time, the Companies Law (2013 Revision) of the Cayman Islands and the common law of the Cayman Islands. The rights of shareholders to take action against the directors, actions by minority shareholders and the fiduciary duties of our directors to us under Cayman Islands law are to a large extent governed by the common law of the Cayman Islands. . . . [O]ur public shareholders may have more difficulty in protecting their interests in the face of actions taken by management, members of the board of directors or controlling shareholders than they would as public shareholders of a company incorporated in the United States."

(Ex. C at 27–28.)

13.     Dangdang's 20-F annual reports for fiscal years 2010 through 2014 all included the same disclosure quoted in Paragraph 12.

**The Merger Transaction**

14.     On or about May 28, 2016, the special committee and Dangdang's board of directors voted to approve a merger between Dangdang and Dangdang Merger Company Limited (a Cayman Islands company), which is a wholly owned subsidiary of Dangdang Holding Company Limited (also a Cayman Islands company).

15.     After the board's approval of the merger, Dangdang filed with the SEC a transaction statement on Schedule 13E-3 concerning the merger.

16.     On or about September 12, 2016, Dangdang's shareholders approved the merger at a shareholder meeting in China.  Approximately 97.7% of the voting rights of the shares voting in person or by proxy were voted in favor of the proposal to authorize and approve the merger agreement, plan of merger, and the transactions contemplated by the merger agreement, including the merger.

17.     The merger was completed and became effective on or about September 20, 2016, with the filing of the agreement and plan of merger with the Registrar of Companies of the Cayman Islands.

### The Cayman Islands Proceeding

18.     From late-August through mid-September 2016, nine shareholders, claiming to own approximately 9.8 million Dangdang shares, delivered to Dangdang written objections to the merger.  Plaintiffs were not among the nine shareholders who objected to the merger.

19.     On or about November 29, 2016, Dangdang filed a Petition under Section 238(9) of the Companies Law (2016 Revision) in the Grand Court of the Cayman Islands seeking to have the court determine the fair value of the shares held by the objecting shareholders.  A true and correct copy of Dangdang's November 29, 2016, Petition is attached as Exhibit D.  This Petition is currently pending before the Grand Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed on February 20, 2017.

Peggy Yu Yu