18-100-cv
*Fasano v. Li*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued: March 12, 2019     Decided: April 12, 2019)

Docket No. 18-100-cv

---

JOE FASANO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ALTIMEO OPTIMUM FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ALTIMEO ASSET MANAGEMENT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

- against -

PEGGY YU YU, DANGDANG HOLDING COMPANY LIMITED, E-COMMERCE CHINA DANGDANG, INC., KEWEN HOLDING COMPANY LIMITED, SCIENCE & CULTURE INTERNATIONAL LIMITED, FIRST PROFIT MANAGEMENT LIMITED, DANQIAN YAO, LIJUN CHEN, MIN KAN,

*Defendants-Appellees*,

GUOQING LI, RUBY RONG LU, KE ZHANG, XIAOLONG LI,

*Defendants*.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Before:

>WESLEY, CHIN, and SULLIVAN, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*), dismissing plaintiffs-appellants' complaint on the ground of *forum non conveniens*. We conclude that the district court abused its discretion by failing to consider the forum selection clause contained in the relevant documents and its impact on the *forum non conveniens* analysis.

>VACATED and REMANDED.

>>SAMUEL J. LIEBERMAN (Ben Hutman, *on the brief*), Sadis & Goldberg, LLP, New York, New York, *for Plaintiffs-Appellants.*

>>ABBY F. RUDZIN (Asher L. Rivner *and* Seth Aronson, *on the brief*), O'Melveny & Myers LLP, New York, New York, and Los Angeles, California, *for Defendants-Appellees*.

PER CURIAM:

Plaintiffs-appellants Altimeo Asset Management, Altimeo Optimum Fund, and Joe Fasano (collectively, "Plaintiffs") appeal from a judgment of the

2

district court entered January 2, 2018, dismissing their complaint against defendants-appellees E-Commerce China Dangdang, Inc. ("Dangdang") and its directors, executives, controlling shareholders, and affiliated companies (collectively, "Defendants"). Suing on behalf of a putative class, Plaintiffs asserted claims for damages under federal and state law in connection with a "going private merger" by which certain controlling defendants purchased American Depositary Shares ("ADSs") from Dangdang's minority shareholders. Plaintiffs contend that the consideration paid by Defendants was below market and grossly unfair. By opinion and order entered December 29, 2017, the district court granted Defendants' motion to dismiss on the ground of *forum non conveniens*, holding that the Cayman Islands provided an adequate alternative forum. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review dismissals of a complaint for *forum non conveniens* for abuse of discretion. *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014); *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). Factual findings are reviewed for clear error and legal conclusions *de novo*. *See Martinez*, 740 F.3d at 217; *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006).

3

"A district court abuses its discretion in dismissing on the ground of *forum non conveniens* when its decision '(1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors.'" *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 699-700 (2d Cir. 2009) (quoting *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003)).

In general, we have recognized that when a defendant moves to dismiss on the ground of *forum non conveniens*, courts assess: (1) the deference to be accorded the plaintiff's choice of forum; (2) the adequacy of the alternative forum proposed by the defendants; and (3) the balance between the private and public interests implicated in the choice of forum. *Norex Petroleum*, 416 F.3d at 153. Where the parties have contractually selected a forum, however, the forum selection clause "substantial[ly] modifi[es]" the *forum non conveniens* doctrine and the "usual tilt in favor of the plaintiff's choice of forum gives way to a presumption in favor of the contractually selected forum." *Martinez*, 740 F.3d at 218 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

4

Nevertheless, the presumption of enforceability is not automatic. Instead, a district court must consider three factors in determining whether the presumption of enforceability applies to a forum selection clause: whether (1) the clause was reasonably communicated to the party resisting its enforcement; (2) the clause is mandatory or permissive; and (3) the claims and parties to the dispute are subject to the clause. *Magi*, 714 F.3d at 721 (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007)). If the district court concludes that the presumption applies, it must then consider a fourth factor -- whether the presumption of enforceability has been properly rebutted by "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* (quoting *Phillips*, 494 F.3d at 384).

With respect to the deference afforded to Plaintiffs' choice of forum, Defendants acknowledge that the receipts for the ADSs contained a mandatory forum selection clause, which provides that certain controversies, claims, or causes of action arising out of the ADSs "shall be litigated in the Federal and state courts in the Borough of Manhattan, The City of New York." J. App'x 389.[1] If the

---

[1] The forum selection clause appears as part of the arbitration provisions in Dangdang's receipts, which provide that claims "relating to or based upon the provisions of the Federal securities law of the

5

presumption of enforceability applies, Plaintiffs' choice of forum controls unless Defendants can show that the forum selection clause is unreasonable, unjust, fraudulent, or an overreach. *Cf. Magi*, 714 F.3d at 720-21 ("[F]orum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances . . . or unless the forum selection clause 'was invalid for such reasons as fraud or overreaching'" (citation omitted)); *Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 237 (2d Cir. 2004) (holding that the *forum non conveniens* doctrine is a "discretionary device" that permits dismissal "when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." (internal quotation marks omitted)). However, the district court did not address or even mention the forum selection clause and did not consider whether enforcement of the clause would be unreasonable or unjust. Instead, it engaged in the traditional *forum non conveniens* analysis,

United States or the rules and regulations promulgated thereunder shall be submitted to arbitration . . . but only if, so elected by the claimant." *Id.* We do not address the arbitration clause at this time because none of the parties have moved to arbitrate yet.

6

without any consideration of the forum selection clause. This was an abuse of discretion. *See Aguas Lenders*, 585 F.3d at 701.

On appeal, Defendants make two arguments with respect to the forum selection clause. First, they claim that Plaintiffs waived their reliance on the forum selection clause by failing to raise the issue in the district court. Second, they argue that even if Plaintiffs did not waive their reliance on the forum selection clause, the scope of the clause does not cover the key defendants and claims here. The first argument fails, and the second argument is better considered by the district court in the first instance.

With respect to the argument that Plaintiffs failed to raise the forum selection clause below, the record is clearly to the contrary. In their memorandum in opposition to the motion to dismiss below, Plaintiffs expressly stated:

> Such a clause "amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum" for purposes of *forum non conveniens*. *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009). It is an abuse discretion for a district court not to consider such a forum clause on a *forum non conveniens* motion. *Id.* at 701. In *Aguas Lenders*, the Court held that such a forum selection clause was not just a factor in favor of a New York forum, but could be binding on a "successor in interest" or a "third-party

7

>beneficiary" of such a clause. (*Id.*) *Aguas Lenders* should govern here.

Pls.' Opp. to Mot. to Dismiss, D. Ct. Dkt. No. 48 at 14. Accordingly, it cannot be seriously argued that Plaintiffs waived their reliance on the forum selection clause. *See United States v. Harrell*, 268 F.3d 141, 146 (2d Cir. 2001) (holding that an issue is reviewable "when it fairly appears in the record as having been raised or decided"). And, as discussed above, a forum selection clause modifies, and therefore should be a part of, the *forum non conveniens* analysis. *See Starkey*, 796 F.3d at 196; *Martinez*, 740 F.3d at 218. Consequently, the issue was preserved for appellate review.

Second, as to the scope and enforceability of the forum selection clause, remand to the district court is appropriate. *See United States v. Gomez*, 877 F.3d 76, 92 (2d Cir. 2017) ("In general, a federal appellate court does not consider an issue not passed upon below." (internal quotation marks omitted)). As part of the presumption of enforceability analysis, courts must consider whether "the claims and parties involved in the suit are subject to the forum selection clause." *Phillips*, 494 F.3d at 383-84. In certain circumstances, the presumption of enforceability may apply to non-signatories. *See Aguas Lenders*, 585 F.3d at 701. Thus, on remand, the district court must consider whether the presumption of

8

enforceability applies to the forum selection clause; whether the presumption of enforceability covers the non-signatories here; and if it applies, whether the presumption of enforceability is or has been rebutted as unreasonable, unjust, or the product of fraud or overreaching.

\* \* \*

We conclude that the district court abused its discretion in not considering the forum selection clause and its impact, if any, on the *forum non conveniens* analysis. Accordingly, the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this decision.