

Samuel J. Lieberman
212.573.8164
slieberman@sadis.com
www.sglawyers.com

May 27, 2019

**VIA ECF**
The Hon. Katherine Polk Failla
United States District Court for the
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

*Fasano, et al., v. Li, et al.,* No. 16-cv-8759 (KPF):  Joint Status Letter

Dear Judge Failla,

Pursuant to the Court's Order dated May 10, 2019, the parties submit this joint letter regarding what the next steps should be in this action after the Second Circuit decision.

**Plaintiffs' Proposed Next Steps**

Plaintiffs propose that this Court should be able to promptly apply the binding forum selection clause in the Receipts for the American Depositary Shares ("ADS") held by Plaintiffs and reject the *forum non conveniens* motion in short order.  Plaintiffs do not believe that a full set of renewed motion practice is necessary to resolve the issue.  Instead, Plaintiffs propose a conference with the Court to identify any questions it may still have as to applying the forum clause, to determine whether any issues remain before denying the motion.  If there are any substantial questions that the Court has, then the parties should brief only those limited issues in quick and perfunctory fashion, to avoid further delay.[1]

Because the issues on remand are straightforward and have already been substantially briefed before the Second Circuit, Plaintiff suggests a tightened briefing schedule: two weeks for Defendants' renewed *forum non conveniens* motion, two weeks for Plaintiff's answering brief.  Further, Defendants' request to add a Rule 12(b)(6) motion at this stage should be rejected as inconsistent with the Second Circuit's mandate, and as a procedurally improper second pre-answer motion.  Only after *forum non conveniens* is resolved, and an answer served, should a new motion be permitted.

The binding forum selection clause should govern the outcome and require denying the *forum non conveniens* motion, particularly given how close the issue was when the Court applied the lower standard that applies when there is no binding forum clause involved.  Under the "stricter standards" of *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009), there should be little doubt that this case should move forward in this Court.

---

[1] On appeal Defendants conceded that the mandatory selection clause applies to E-Commerce China Dangdang, Inc. (Appellee's Br. at 53.)

As Plaintiffs explained extensively in their Appellate Briefs, the forum clause has a broad scope, because it applies to "Any controversy, claim or cause of action" that is "relating to or based upon the provisions of the Federal securities laws." (JA § 23(a), (b).)  The language "any controversy" and "relating to" is "extremely broad language" covering related claims and parties not specifically mentioned in a forum clause.  *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993); *accord Ace Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 33–34 (2d Cir. 2002) ("any dispute" "with respect to" covered collateral claims, because language "should be construed as broad in scope"); *Coregis Ins. Co. v. Am. Health Found., Inc.*, 241 F.3d 123, 128 (2d Cir. 2001) ("related to" is "defined more broadly" to cover any claims and parties "connective by reason" of any "established or discoverable relation").

Further, this language should binds all Defendants because all parties are "closely related" to the company, as controlling stockholders, officers, directors, corporate parents and affiliates of E-Commerce China Dangdang, Inc.  *Aguas Lenders*, 585 F.3d at 701 (nonsignatory related party may be bound by forum clause); *Universal Inv. Advisory SA v. Bakrie Telecom PTE, Ltd.*, 154 A.D.3d 171, 178 (1st Dept. 2017) ("parent company" and "principal shareholder" were both "closely related" and bound by form clause).

Moreover, Plaintiffs emphasize that even their fiduciary duty claims involve the U.S. securities laws – because they are based on the "higher standards" imposed by Dangdang's Code of Conduct required by "the Sarbanes Oxley Act of 2002" that bar conflicts of interest in related party transactions and false public statements.  (Joint Appendix A432; *Van Gemert v. Boeing Co.*, 520 F.3d 1373, 1379 (2d Cir. 1975) (NYSE listing standards are an extension of the 1934 Securities Exchange Act.)  Defendants' own public statements chose the higher standards of the Sarbanes Oxley Act and NYSE listing standards over Cayman corporate governance law: "To the extent this Code requires a higher standard than required by commercial practice or applicable laws, rules or regulations, we adhere to these higher standards." (*Id.* at A432 § I; *accord* A363-64 (publicly adopted NYSE listing standards over "corporate governance practices in the Cayman Islands" by telling investors "we do not plan to rely on home country … corporate governance") (A363-64.)  Defendants own words chose the applicable standards for their conduct.

*Notably*, the logic of this Court's prior decision staying "all discovery and other proceedings" for all claims and defendants – not just the securities claim – should similarly apply to make the forum clause binding on all parties and all claims here.  (Dkt. 26 (Jan. 31, 2017).)  This Court's application of the stay related to all claims and parties.  So too should its application of the binding forum selection clause for any controversy relating to the securities laws.

Because the issues on remand are straightforward and have already been substantially briefed before the Second Circuit, Plaintiff suggests a tightened briefing schedule: two weeks for Defendants' renewed *forum non conveniens* motion, two weeks for Plaintiff's answering brief.

The appearing Defendants' additional request to move to dismiss under Rule 12(b)(6) should be rejected as inconsistent with the Second Circuit's mandate to this Court.  It is well-settled that a "district court must follow 'both the specific dictates of the remand order as well as the broader spirit of the mandate.'"  *In re Coudert Bros. LLP*, 809 F.3d 94, 99 (2d Cir. 2015) (quoting *U.S. v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir.2001)).  Here, the mandate to this Court is

plainly to "consider[] the forum selection clause and its impact … on the *forum non conveniens* analysis." (2d Cir. Dec. at 9.) The mandated *forum non conveniens* analysis is specifically a determination outside the merits – and is inconsistent with adding a motion on the merits at this stage. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007) ("A *forum non conveniens* dismissal denies audience to a case on the merits") (internal quotations removed); *Manu Int'l, S.A. v. Avon Prod., Inc.*, 641 F.2d 62, 68 (2d Cir. 1981) (a "*forum non conveniens*" motion "is not the proper way" to address whether a claim "may be dismissible" on the merits).

Two years ago, Defendants made the strategic to move to dismiss on the basis of *forum non conveniens* and not raise any merits-based argument. Having made that decision, they should live with the consequences and not be permitted to add a new Rule 12(b)(6) motion to delay and complicate this stage of litigation. Only after this Court applies the mandatory forum selection clause as mandated by the Second Circuit can Defendants then attempt to move on the merits.

After this Court applies the binding mandatory forum selection clause against Defendants, the proper procedural mechanism for Defendants' merits argument is a motion at a later stage, after their answer – *e.g.*, a Rule 12(c) or Rule 56 motion. Defendants should not be permitted to further delay this action with serial pre-answer motions to dismiss. *See Absolute Activist Master Value Fund, Ltd. v. Ficeto*, 2013 WL 1286170, at *5 n.6 (S.D.N.Y. Mar. 28, 2013) ("'Any defense that is available at the time of the original motion, but is not included, may not be the basis of a second pre-answer motion.'" (quoting Wright & Miller 5C Fed. Prac. & Proc. Civ. § 1384 (3d ed.)).

**Defendants' Proposed Next Steps**

As to "next steps" in this action, Defendants hereby respectfully request:

(i) leave to file a renewed motion to dismiss on grounds of *forum non conveniens* and, in the alternative, pursuant to Rule 12(b)(6), to dismiss for failure to state a claim on which relief can be granted; and

(ii) the establishment of a briefing schedule for the foregoing motion.

Plaintiffs apparently concede that a renewed motion on grounds of *forum non conveniens* is necessary and appropriate, but ask that the motion receive only "perfunctory" attention. (*Supra* at 1.) However, the Second Circuit was clear that several questions need to be addressed:

> on remand, the district court must consider whether the presumption of the enforceability applies to the forum selection clause; whether the presumption of enforceability covers the non-signatories here; and if it applies, whether the presumption of enforceability is or has been rebutted as unreasonable, unjust, or the product of fraud or overreaching.

(Second Circuit Decision, at 8-9.) Indeed, although Plaintiffs pretend that the Second Circuit "**mandated**" that "this Court **appl[y]** the mandatory forum selection clause" (*supra*, at 3

(emphasis added)), the Second Circuit actually directed this Court only to "**consider**[] the forum selection clause and its impact, **if any**, on the *forum non conveniens* analysis" (Second Circuit Decision, at 9 (emphasis added)).[2]

Defendants respectfully suggest that if more than "perfunctory" attention is paid to answering these questions, it will be apparent that the Court's initial Order dismissing the action was entirely correct, subject only to further documenting why the forum selection language of the ADS certificates is not controlling here, especially when it is wholly inapplicable to the vast majority of Defendants and claims in this action. Plaintiffs' resort to *Aguas Lenders Recovery Grp. v. Suez*, S.A., 585 F.3d 696, 700 (2d Cir. 2009), which held only that a successor entity may be bound by the contractual obligations of its predecessor, does not alter the result here.[3]

While Defendants believe the motion deserves careful attention, we do not believe it necessary to re-argue issues that the Court already decided and left undisturbed by the Second Circuit, including that: (1) the Courts of the Cayman Islands provide an adequate alternative forum for this action, providing both a well-developed body of fiduciary law and adequate remedies; (2) because foreign plaintiffs greatly outnumber U.S. plaintiffs, both in number and in financial stake in the action, and they sue in a representative capacity, their choice of a U.S. forum should be given diminished deference; (3) the applicable law for the principal causes of action — misrepresentation, breach of fiduciary duties, and the fairness of consideration paid to minority shareholders — is Cayman Islands law; and (4) the private interests in this case are neutral, while the public interests favor dismissal. (Docket 61 (Dec. 29, 2017 Order), at 12, 16-19, 28, 28-31.)[4]

In 2017, the parties argued, and the Court discussed to some extent, whether Plaintiffs' claim pursuant to Section 13(e) of the Securities and Exchange Act of 1934 could survive legal challenge. Now that Plaintiffs' have relied so heavily on those claims as the entire foundation for their opposition to *forum non conveniens* dismissal (as the forum selection clause in the ADS certificate specifically addresses the federal securities claims), Defendants believe it appropriate to specifically reach the lack of legal merit to Plaintiffs' Section 13(e) claim under to Rule 12(b)(6). And because Plaintiffs now pretend that their fiduciary duty and misrepresentation claims are also measured by U.S. federal securities laws or N.Y.S.E. guidance (*supra* at 2) – a proposition about which this Court has already noted "skeptic[ism]" (1997 Order, at 30) – it is equally appropriate to examine the legal merit to those claims as well.

---

[2] Ironically, Plaintiffs urge this Court to follow the letter and the spirit of the Second Circuit's decision at the same time they use ellipses to excise the all-important words "if any" from the Second Circuit's opinion. *Compare supra* at 3 *with* Second Circuit Decision, at 9.

[3] Defendants disagree with much of Plaintiffs' prolix arguments about what claims and parties are reached by the forum selection clause of the ADS certificates (*supra*), but see no need to burden the Court with those responses here in a pre-motion submission. It is sufficient to note that Plaintiffs' unfocused arguments substantiate the briefing schedule Defendants propose.

[4] Given these findings, Plaintiffs' pretense that the 2017 dismissal was a "close" call (s*upra* at 1) is facetious.

Plaintiffs' citations to *Absolute Activist Master Value Fund, Ltd. v. Ficeto*, 2013 WL 1286170, at *5 n.6 (S.D.N.Y. Mar. 28, 2013), and Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1384 (3d ed.), for their argument that a motion under Rule 12(b)(6) is somehow "procedurally improper" (*supra* at 1, 3) is without merit, as those authorities stand only for the proposition that serial Rule 12(b)(6) motions should not be interposed.  Importantly, the 2017 motion to dismiss on grounds of *forum non conveniens* was not made pursuant to Rule 12(b)(3), for improper venue, or pursuant to Rule 12(b)(6), for failure to state a claim.  Instead, the 2017 motion was directed to the Court's inherent authority to dismiss the case even if jurisdiction and proper venue are established.  *E.g., Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173 (10th Cir. 2009) (distinguishing motion to dismiss on f*orum non conveniens* from motions made under Rule 12(b)); Wright & Miller, 14D Federal Practice and Procedure § 3828 (3d ed. 2008) (distinguishing *forum non conveniens* motions from those subject to the time limits of Rule 12(h)). Thus, this will not be Defendants' second Rule 12(b) motion, it will be their first.  And given Plaintiffs' concession that a motion to dismiss for failure to state a claim is allowable and appropriate if the *forum non conveniens* motion is denied (*supra* at 3), it seems most efficient to brief the motions together at once – especially where some issues necessarily overlap.

As to an appropriate briefing schedule, Defendants respectfully suggest 30 days for the motion, 30 days for answering papers, and 30 days for any reply.  This will allow for this Firm, new to the case, to come up to speed and for the parties to meaningfully address the issues occasioned by the Second Circuit's decision.  And given that Plaintiffs assert that two weeks is appropriate for each brief on only the renewed *forum non conveniens* motion (*supra*, at 1), 30 days per brief is entirely reasonable when the Rule 12(b)(6) motion is included.

Respectfully submitted,

| | |
|---|---|
| By: __/s/ Samuel J. Lieberman_____ | By: ___/s/ James W. Brown_____ |
| Samuel J. Lieberman | Scott D. Musoff |
| Ben Hutman | James W. Brown |
| SADIS & GOLDBERG, LLP | SKADDEN, ARPS, SLATE, MEAGHER & |
| 551 5th Avenue, 21st Floor | FLOM LLP |
| New York, New York 10176 | One Grand Central Place, Suite 2050 |
| (212) 573-6675 | New York, New York 10036 |
| *Counsel for Plaintiffs* | (212) 735-2352 |
| | *Counsel for Defendants* |