

Ben Hutman, Esq.
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
Phone: 212.573.6675
bhutman@sadis.com

September 30, 2022

**VIA ECF**
The Hon. Katherine Polk Failla
United States District Court for the
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re:   *Fasano, et al., v. Li, et al., Docket No. 16-cv-8759 (KPF)*

Dear Judge Failla,

      We write in response to Defendants' letter yesterday requesting the Court set a briefing schedule for Defendants' proposed Motion to Stay Arbitration ("Motion to Stay").[1] Defendants' proposed Motion to Stay is not necessary because Plaintiffs have already agreed to postpone the arbitration pending the motion practice before this Court.  Further, Defendants' Motion to Stay raises the same issues as their opposition to Plaintiffs' Motion to Compel Arbitration ("Motion to Compel")—indeed Defendants propose that Plaintiffs address both motions in the same 10 pages.  Thus, Defendants' "Motion to Stay" is a thinly-veiled attempt to grab more pages in the briefing schedule, which Plaintiffs' are very concerned will be used to support the 12(b)(6) motion.   The Court's briefing schedule should, at a minimum, prevent such gamesmanship.

      Accordingly, Plaintiffs' initial proposal is the following briefing schedule:

1. Defendants shall file their Motion to Dismiss on or before October 24, 2022, with one brief not to exceed 25 pages.

2. Plaintiffs' shall file their Motion to Compel Arbitration and their opposition papers to the Motion to Dismiss and Motion to Stay on or before November 21, 2022, including one brief not to exceed (i) 25 pages to oppose the Motion to Dismiss and (ii) 10 pages in support of the Motion to Compel.

3. Defendants shall file their Reply in support of their Motion to Dismiss and their opposition to the Motion to Compel, on or before December 16, 2022, including one brief not to exceed (i) 10 pages in further support of their Motion to Dismiss and (ii) 10 pages to oppose the Motion to Compel.

4. Plaintiffs shall file their Reply in support of their Motion to Compel on or before January 12, 2023, including one brief not to exceed 10 pages.

---

[1] This description follows Defendants' request as set forth in the body of their letter.  However, Defendants entered their letter on the docket as a "Letter Motion for Conference."

This briefing structure corresponds to the Court's initial stated preference:

"[THE COURT:] . . . It would be my preference, Mr. Brown – but I'll listen to you on this – to have something akin to a call and response where you file your brief in support of a motion to dismiss, Mr. Lieberman files the opposition to that motion and the cross-motion to compel arbitration, you reply to your motion to dismiss and oppose his cross-motion for arbitration, and then there is a reply from Mr. Lieberman regarding his motion to compel arbitration. So I'd prefer – if I can be even more pointed, I'd prefer four briefs to six." (Ex. A at 13:10-18.)

I. **RELEVANT BACKGROUND REGARDING DEFENDANTS' UNNECESSARY AND DUPLICATIVE "MOTION TO STAY ARBITRATION"**

Defendants proposed Motion to Stay is unnecessary because, in email and telephone exchanges with Defendants' counsel, Plaintiffs agreed to stipulate before the American Arbitration Association ("AAA") that (a) all deadlines in arbitration are tolled until this Court issues its decision on the Motion to Compel; and (b) Defendants do not waive any defenses or rights by not responding to the Arbitration Demand until after a decision by this Court. Indeed, the AAA has already suspended all deadlines for Defendants/Respondents. (Defs' Letter at 2-3.) Further, the duplicative nature of the motions is clear from Defendants' own briefing schedule allocating the same ten pages to Plaintiffs for supporting the Motion to Compel and opposing the Motion to Stay. (*Id.* at 3) Defendants already have raised, and will make the same arguments in opposition to the Motion to Compel as they would make in support of a Motion to Stay. (*See Id.* at 3, outlining those arguments.)

Defendants are misguided in arguing that they still need to move to stay because "certain judicial remedies may be waived if not timely sought in court." (*Id.*) Defendants fail to specify which remedies, but cite to *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Landscape Specialists, Inc.*, No. 19-CV-4670 (VEC), 2020 WL 1033345, at *2-3 (S.D.N.Y. Mar. 3, 2020). But that case merely held that the party waived remedies because it "did not … move to stay the arbitration *or raise any objections* to the Demand" within twenty days of service under CPLR 7503(c). *Id.* at *3 (emphasis added). CPLR 7503(c) imposes such a deadline only if the "demand for arbitration … "stat[es] that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting …" *See Nat'l Union Fire*, 2020 WL 1033345 at *3 (applying the twenty-day time limit because "[T]he Demand expressly referenced the requirements of §7503(c), stating that unless Landscape applied 'to stay the arbitration within twenty (20) days after this notice has been served, [it] will thereafter be precluded from objecting …"). Here, Plaintiffs/Claimants did not include any such statement in their Demand for Arbitration. Plaintiffs have also agreed that there would be no waiver from failing to make a motion to stay. Moreover, unlike in *Nat'l Union Fire*, here Defendants/Respondents have already raised their objections before this Court—at the September 20, 2022 pre-motion conference and yesterday's letter—and before the AAA.

Defendants' claimed concerns of prejudice if they cannot make a Motion to Stay are baseless. Rather, Defendants are engaging in gamesmanship to (a) give themselves an extra brief in which to make arguments against the Court following the Second Circuit's decision that Plaintiffs' common-law claims "are required to be submitted to arbitration," *Fasano v. Li*, 47

F.4th 91, 104 (2d Cir. 2022); and (b) to secure additional pages to brief the real issues before this Court, their Motion to Dismiss and Plaintiffs' Motion to Compel. As Defendants show in their proposed briefing schedule (Defs' Letter at 3) they are seeking a total of 70 pages of briefing—compared to only 45 pages for Plaintiffs.[2]

Indeed, the transcript of the September 20, 2022 conference shows that the parties had primarily been discussing the page limits and a four-brief schedule for only a "motion to dismiss and to compel arbitration in a single briefing schedule." (Ex. A at 13:4-6.) Thus, Plaintiffs' initial proposed briefing schedule above should be adopted.

Alternatively, should the Court permit a duplicative Motion to Stay, the schedule should avoid page-limit abuse, as follows:

1. Defendants' Motion to Dismiss and Motion to Stay on or before October 24, 2022, including one brief not to exceed (i) 25 pages in support of their Motion to Dismiss and (ii) 10 pages in support of the Motion to Stay.

2. Plaintiffs shall file their Motion to Compel and their opposition papers to the Motion to Dismiss and Motion to Stay on or before November 21, 2022, including one brief not to exceed (i) 25 pages to oppose the Motion to Dismiss, (ii) 10 pages for the Motion to Compel; and (ii) 10 pages in opposition to the Motion to Stay.

3. Defendants' Replies for their Motions to Dismiss and Stay, and opposition to the Motion to Compel, on or before December 16, 2022, including one brief not to exceed (i) 10 pages in further support of their Motion to Dismiss, (ii) 5 pages in further support of their Motion to Stay, and (ii) 10 pages to oppose the Motion to Compel.

4. Plaintiffs shall file their Reply in support of their Motion to Compel on or before January 12, 2023, including one brief not to exceed 10 pages.

## II. CLARIFICATION REGARDING PRIOR PRE-MOTION CONFERENCE

*Finally*, Plaintiffs also write to clarify the record of the prior pre-motion court conference after the first appeal. Defendants' counsel incorrectly claimed at the September 20, 2022 pre-motion conference that in the prior conference "your Honor specifically asked both counsel, 'If this isn't dismissed on *forum non*, am I going to see a motion to compel arbitration? And both parties said 'no'; unequivocally no." (Ex. A at 4:14-18.) This claim is false.

In fact, Your Honor only posed this question to Defendants. And Defendants did not say no—and certainly not unequivocally no. Rather, Defendants refused to commit—forcing the Court to ask three times—and then only stated "I don't believe you are going to see that" in response to the question whether Defendants would file "a motion to compel arbitration." (Dkt. 77, Tr. at 9:18-22.)

---

[2] This would give Defendants 55% more pages than Plaintiffs. In a typical briefing schedule, under the Court's rules, the moving party get 40% more pages (35 pages compared to 25). Here, of course, both parties are making motions, rendering Defendants' proposed schedule even more inequitable.

      Your Honor did ask Plaintiffs whether the parties were "talking about arbitration," to which Plaintiffs responded no. Plaintiffs explained that they "believe[d]" entire case was required to be litigated in court, due to the broad "controversy" and "related to" language in the forum clause—which Plaintiffs at that time interpreted to cover both the securities and common law claims. (*Id.* at 4:12-6:4.) But the Second Circuit ruled otherwise.

      Plaintiffs' Motion to Compel will show that it is not a waiver of arbitration to fail to perfectly foresee how an appellate court would interpret a complex forum clause. But in the meantime, we felt it important to correct the record with the actual transcript—something Defendants declined to do upon request. (*See* Defs' Ex. A at 4-5.)

                                                  Respectfully submitted,

                                                  _/s/ Ben Hutman_
                                                  Ben Hutman
                                                  Sadis & Goldberg, LLP

The Court is in receipt of the parties' submissions at docket numbers 111 and 112. The Court adopts the following motion briefing schedule:

1. Defendants shall file their Motion to Dismiss and Motion to Stay Arbitration by **October 24, 2022,** including one Memorandum covering both motions not to exceed 30 pages;

2. Plaintiffs shall file their Motion to Compel and their opposition papers on the Motion to Dismiss and Motion to Stay Arbitration by **November 21, 2022,** including one Memorandum covering all such motions not to exceed 40 pages;

3. Defendants shall file their reply papers on the Motion to Dismiss and Motion to Stay Arbitration, and their opposition to the Motion to Compel, on or before **December 16, 2022,** including one Memorandum covering all such motions not to exceed 30 pages; and

4. Plaintiffs file their reply papers on the Motion to Compel on or before **January 12, 2023,** including a Memorandum not to exceed 20 pages; this Memorandum shall not contain any argument on the Motion to Dismiss absent leave of Court.

The Clerk of Court is directed to terminate the pending motion at docket number 111.

Dated:   October 5, 2022          SO ORDERED.
         New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE